UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT SHREVE, et al.,

    Plaintiffs,

v.

FRANKLIN COUNTY, OHIO, et al.,

    Defendants.

Case No. 2:10-cv-644
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

NICOLE BRADLEY, et al.,

    Plaintiffs,

v.

FRANKLIN COUNTY, OHIO, et al.,

    Defendants.

Case No. 2:11-cv-261
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

MICHAEL WORLEY, et al.,

    Plaintiffs,

v.

FRANKLIN COUNTY, OHIO, et al.,

    Defendants.

Case No. 2:11-cv-415
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the plaintiffs' motions to strike affirmative defenses. (Doc. No. 138 in Case No. 33 in 10-cv-644; Doc. No. 33 in Case No. 11-cv-261; Doc. No. 15 in Case No. 11-cv-415.) For the reasons that follow, the plaintiffs' motion

are **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

In their motions, the plaintiffs argue that several of the defendants' affirmative defenses should be stricken because they do not meet the pleading standards set forth in *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).[1] All parties point out that the Sixth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to all pleadings, including defenses contained in an answer, or if they only govern complaints. *Compare, e.g., Westbrook v. Paragon Sys.*, 2007 U.S. Dist. LEXIS 88490, at *2 (S.D. Ala. Nov. 29, 2007) (Unlike Rule 8(a), "[n]either [Rule 8(b) nor Rule 8(c)] expresses a requirement that the answer 'show' the defendant is entitled to prevail on its affirmative defense.") and *McLemore v. Regions Bank*, 2010 U.S. Dist. LEXIS 25785, at *46 (M.D. Tenn. March 18, 2010) ("[*Twombly*] does not mention affirmative defenses or any other subsection of Rule 8. *Iqbal* also focused exclusively on the pleading burden that applies to plaintiffs' complaints.") with *Nixson v. Health Alliance*, 2010 U.S. Dist. LEXIS 133177, at *3-4 (S.D. Ohio Dec. 15, 2010) ("the Court believes that *Iqbal* and *Twombly* should not be construed to create a subset of rules that govern only complaints") and *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687 (N.D. Ohio 2010) (noting, *inter alia*, that differences in the Rule's subsections are minimal, that the general rules of pleading govern statements of claims and defenses under Rule 8(c)).

---

[1] *Twombly* held that for a complaint to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *Iqbal* clarified the plausibility standard articulated in *Twombly*. Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

2

## II. STANDARD

The plaintiffs move under Rule 12(f) of the Federal Rules of Civil Procedure for an order striking certain affirmative defenses pled by the defendants. Rule 12(f) provides, "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because striking a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *AT&T Global Information Solutions Co. v. Union Tank Car Co.*, 1997 U.S. Dist. LEXIS 6090, C2-94-876, 1997 WL 382101 (S.D. Ohio Mar. 31, 1997) (citing *Brown and Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *Morrow v. South*, 540 F. Supp. 1104, 1111 (S.D. Ohio 1982) ("Motions under Rule 12(f) are not favored, and should not be granted unless it is apparent that the matter has no possible relation to the controversy.").

## III. ANALYSIS

The plaintiffs ask this Court to strike the defendants' Second, Third, Fourth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth and Seventeenth affirmative defenses

### A. Second, Third, Fourth and Eleventh Defenses

In their Second, Third, Fourth and Eleventh affirmative defenses, the defendants assert the defenses of "contributory negligence, comparative negligence, and or assumption of the risk," from the "negligence or conduct of other persons or entities," that the plaintiffs' injuries or damages were the result of "intervening and superseding causes," and that they are entitled to "immunities, set-offs, collateral benefits and limitations on liability provided by Ohio Revised

3

Code Chapter 2744 and 42 U.S.C. § 1983."

The plaintiffs argue that, while these defenses have relevance to state law tort claims, the plaintiffs have not filed state law tort claims. The plaintiffs' claims involve violations of their constitutional rights under color of state law pursuant to 42 U.S.C. § 1983, not state tort law claims. The defendants respond that, while the complaint does not assert any state law claims the facts as they are alleged could support those claims and "the possibility of a future amendment to the pleadings under Civil Rule 15 cannot be discounted." (Doc. No. 133 at 5 in Case No. 10-cv-644.)

The Court does not find it necessary to determine whether *Twombly* and *Iqbal* are applicable here because even if the plaintiffs are mistaken and these cases do not apply to the pleading of affirmative defenses, the plaintiffs' request to strike them is still well taken. That is because these defenses are simply not applicable to the claims that are alleged and therefore constitute an insufficient defense that is appropriately stricken under Rule 12(f). And, to the defendants concern, if the plaintiffs amend their complaint the defendants will have the opportunity to file an amended answer.

**B. Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth and Seventeenth Defenses**

The plaintiffs argue that the Tenth, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth and Seventeenth affirmative defenses are "bare bones, conclusory recitations lacking any factual support." (Doc. No. 138 at 5 in Case No. 10-cv-644.) For example, the plaintiffs take issue with the fact that the defendants did not plead facts to support their defense of qualified immunity, *i.e.*, facts related to "whether a constitutional right applies to the Defendants' actions, whether that right was 'clearly established' at the time of the alleged events, and whether there

4

are facts showing that a defendant or defendants violated that right." *Id.* at 5. This Court disagrees.

Again, however, the Court finds it unnecessary to determine whether *Twombly* and *Iqbal* apply here because, even if they did apply as the plaintiffs claim, these defenses would survive. All of the defenses about which the plaintiffs complain are proper defenses to the claims alleged by the plaintiffs, and thus are plausible on their face.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** (Doc. No. 138 in Case No. 33 in 10-cv-644; Doc. No. 33 in Case No. 11-cv-261; Doc. No. 15 in Case No. 11-cv-415.) Specifically, the Court **GRANTS** the motion as it relates to the defendants' Second, Third, Fourth and Eleventh affirmative defenses and hereby **STRIKES** those defenses and **DENIES** the motion in all other regards.

**IT IS SO ORDERED.**

5-4-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT COURT**